IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ASTON CHARLES BUTLER, 42209-177 | § | |
| MOVANT, | § | |
| | § | |
| V. | § | CASE NO. 3:22-CV-2552-N-BK |
| | § | (3:17-CR-562-N-1) |
| UNITED STATES OF AMERICA, | § | |
| RESPONDENT | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, Movant Aston Charles Butler's *pro se* motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 was referred to the undersigned United States magistrate judge for case management, including the issuance of findings and a recommended disposition where appropriate. As detailed herein, the motion should be **DENIED**.

**I. BACKGROUND**

Butler pled guilty to possession of a firearm after a felony conviction, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e), and received a statutory minimum sentence of 180 months' imprisonment under the Armed Career Criminal Act ("ACCA"), based on three prior convictions for violent felony convictions. Crim. Doc. 56 at 2; Crim. Doc. 43-1 at 7, 17[1]; Presentence Report (PSR) ¶¶ 27, 77-78. The United States Court of Appeals for the Fifth Circuit affirmed Butler's sentence, despite his argument that his prior convictions were not "violent felonies." *See United*

---

[1] All "Crim. Doc." citations refer to the related criminal case, *United States v. Butler*, 3:17-CR-562-N-1 (N.D. Tex.).

*States v. Butler*, 949 F.3d 230, 236 (5th Cir. 2020) (holding that Butler's use of intimidation during his bank robberies made them violent felonies under the ACCA). Subsequently, the United States Supreme Court denied Butler's petition for writ of certiorari on October 5, 2020. *Butler v. United States*, 141 S. Ct. 380 (2020).

Butler filed the instant § 2255 motion on November 10, 2022. He challenges the Court's jurisdiction to convict and sentence him (grounds 1-2) and the validity of his ACCA sentence under *Wooden v. United States*, 142 S. Ct. 1063 (2022) (ground 3). Doc. 1 at 4-7. The Government filed a response opposing the relief sought, Doc. 11, and Butler filed a reply, Doc. 12.

## II. ANALYSIS

### A. First and Second Claims Are Untimely

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for federal inmates seeking post-conviction relief under 28 U.S.C. § 2255. *See* 28 U.S.C. § 2255(f). Butler does not allege any plausible facts that could trigger a limitations starting date under § 2255(f)(2)-(4).[2] And the limitations period began to run on the first two grounds for relief when Butler's judgment of conviction became final. *See* 28 U.S.C. § 2255(f)(1).

Butler's conviction became final on October 5, 2020, the date on which the United States Supreme Court denied his petition for writ of certiorari. *Clay v. United States*, 537 U.S. 522, 527 (2003). Thus, he had one year, or until October 5, 2021, to file a timely § 2255 motion.

---

[2] While Butler contends he is entitled to retroactive relief under *Johnson v. United States*, 576 U.S. 591 (2015), Doc. 2 at 9-14, *Johnson* was decided over two years before Butler was even indicted in this case. *See* § 2255(f)(3) (providing, alternatively, that the one-year limitations period begins on "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."

Because his § 2255 motion is deemed filed at the earliest on October 13, 2022, the date he certified placing it in the prison mailbox, it is time barred under § 2255(f)(1). Doc. 1 at 12; Doc. 2 at 20. *See* Rule 3(d) of the Rules Governing Section 2255 Proceedings (applying the "mailbox rule" to inmates who use jail/prison's mail system).

In an apparent attempt to excuse this delay, Butler argues that the statute of limitations is "unconstitutional" and that "void judgments have no time limit." Doc. 6 at 1-6 (response to the court's order regarding limitations). He also claims that the one-year limitations period unconstitutionally violates his First Amendment right to petition for redress of grievances. Doc. 6 at 3-5. (citing the First Amendment for the proposition that "Congress shall make no Law . . . abridging . . . the right of the people . . . to petition the Government for a redress of grievances."). His assertions completely lack merit.

"Jurisdictional claims are subject to the one-year limitations period for § 2255 claims." *United States v. Scruggs*, 691 F.3d 660, 666 & n.13 (5th Cir. 2012) (collecting cases). Additionally, to the extent that Butler alleges that § 2255(f) violates the Suspension Clause, his argument is foreclosed by circuit precedent. Because the one-year limitations period only alters the procedure for bringing a habeas petition, it does not unconstitutionally suspend the writ. *See United States v. Hayman*, 342 U.S. 205, 219 (1952) ("the sole purpose [of adopting § 2255 motions] was to minimize the difficulties encountered in habeas corpus hearings by affording the same rights in another and more convenient forum"); *see also United States v. Brierton*, 168 F.3d 486 (5th Cir. 1999) ("Because a § 2255 motion is not a habeas proceeding, the limitations period in § 2255 does not violate [the Suspension] clause"). Further, Butler does not show how the limitations period made the habeas remedy inadequate or ineffective for him, since nothing prevented him from filing a timely federal petition. *See Madden v. Thaler*, No. 3:10-CV-1461-

B-BK, 2011 WL 2162910, at *6 (N.D. Tex. May 9, 2011) (rejecting Suspension Clause argument in context of 28 U.S.C. § 2254 habeas petition), *R. & R. adopted*, 2011 WL 2164154 (N.D. Tex. June 2, 2011), *aff'd*, 521 F. App'x 316 (5th Cir. 2013).

### B. Butler's Jurisdiction and Constitutional Claims Are Procedurally Defaulted

Butler's claims that this Court lacked territorial jurisdiction to convict and sentence him and that his ACCA sentence is unconstitutional under *Johnson* are both procedurally defaulted and meritless. Doc. 2 at 3-14. Butler failed to raise his claims on direct appeal and has not provided adequate cause for his default or alleged actual prejudice. *United States v. Logan*, 135 F.3d 353, 355 (5th Cir. 1998) (citing *United States v. Frady*, 456 U.S. 152, 168 (1982)). An exception to the cause and prejudice requirement is reserved for the "extraordinary case . . . in which a constitutional violation has probably resulted in the conviction of one who is actually innocent." *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991) (quoting *Murray v. Carrier*, 477 U.S. 478, 496 (1986)). But Butler has failed to allege anything that would meet the actual innocence requirement.

### C. Alternatively, These Claims Lack Merit

The Fifth Circuit and this Court have found jurisdictional challenges like Butler's to be patently frivolous. Doc. 2 at 3-8. *See United States v. Madkins*, 14 F.3d 277, 278–79 (5th Cir. 1994) (rejecting as frivolous defendant's argument "that federal courts do not have jurisdiction over crimes against the United States that occur in the 'Sovereign State of Texas'") (citing *United States v. Drobny*, 955 F.2d 990, 997 (5th Cir. 1992)). Stated simply, federal district courts have jurisdiction over all federal offenses under 18 U.S.C. § 3231 ("The district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States.").

> To invoke that grant of subject matter jurisdiction, an indictment need only charge a defendant with an offense against the United States in language similar to that used by the relevant statute. That is the extent of the jurisdictional analysis: A federal criminal case is within the subject matter jurisdiction of the district court if the indictment charges ... that the defendant committed a crime described in Title 18 or in one of the other statutes defining federal crimes.

*United States v. Scruggs*, 714 F.3d 258, 262 (5th Cir. 2013) (internal citations and quotation marks omitted).

The indictment in this case charged Butler with violating 18 U.S.C. § 922(g)(1), and tracked the language of that statute. Crim. Doc. 1. Butler also conceded in the Factual Resume that "he knowingly and unlawfully possessed a Kahr, Model TP 45, .45 caliber pistol, bearing serial number SA66300, which had previously been shipped and transported in interstate and foreign commerce." Crim. Doc. 32 at 4. Thus, this court had subject matter and territorial jurisdiction over this case.

Butler's claim that under *Johnson*, his ACCA sentence is unconstitutional, is also meritless. Doc. 2 at 8-14. On direct appeal, the Fifth Circuit held that Butler's bank robberies were violent felonies under the ACCA's elements clause, not the residual clause *Johnson* invalidated. *Butler*, 949 F.3d at 232.

For the first time in his reply, Butler cites *N.Y. State Rifle & Pistol Ass'n v. Bruen*, 142 S. Ct. 2111 (2022), for the proposition that the Government lacks territorial jurisdiction because "when the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct." Doc. 12 at 5. Even if the reply could be interpreted as an attempt to raise a new ground to support the timeliness of the § 2255 motion, the Court need not consider it. In its *Order and Instructions to Parties*, the Court cautioned Butler that a reply "shall not include any new allegations of fact or new grounds for relief." Doc. at 2. The Court does not abuse its discretion in refusing to consider new issues in a § 2255 reply brief after the

5

government responded.  Cf. *United States v. Cervantes*, 132 F.3d 1106, 1111 (5th Cir. 1998) (finding district court was not required to consider affidavits submitted after the government responded).

In any event, *Bruen* "has not been 'made retroactive to cases on collateral review by the Supreme Court." See *In re Terry*, No. 22013615-C, 2022 WL 20033240, at *2 (11th Cir. Nov. 14, 2022) (addressing issue in the context of a second or successive § 2255 motion); *Salley v. United States*, No. 8:19-CR-317-MSS-AEP, 2023 WL 3568618, at *2 (M.D. Fla. May 18, 2023) (same as to initial, time barred § 2255 motion; "*Bruen* established a right for 'law-abiding' citizens' in the context of firearms licensing, *Bruen* did not establish a newly recognized right that protects [a convicted felon]."); *see also Jackson v. United States*, No. 3:16-CR-196-L-1, 2023 WL 4533381, at *2 (N.D. Tex. July 12, 2023) (noting that "the Supreme Court did not make *Bruen* retroactive, and therefore [movant] cannot seek postconviction relief under that new constitutional test"), *appeal docketed*, No. 23-10789 (5th Cir. July 31, 2023).  Thus, any *Bruen* claim is also meritless.

### D.  *Wooden* Claim is also Procedurally Defaulted and Meritless.

Lastly, Butler argues that he does not qualify for an enhanced penalty under the ACCA because his prior bank robbery convictions were part of a single criminal episode.  Doc. 2 at 14-19.[3]  While the decision in *Wooden* clarified how courts should interpret the ACCA, Butler had the opportunity to present this argument on direct appeal and did not do so.  Butler is thus procedurally barred from raising this issue on collateral review.  As with his other claims, he

---

[3] The Government affirmatively waived its statute of limitations defense as to the *Wooden* claim. Doc. 11 at 6.

fails to allege anything that would meet either the cause and prejudice or the actual innocence requirements. See *Shaid*, 937 F.2d at 232.

Alternatively, Butler's *Wooden* claim lacks merit. In *Wooden*, the Supreme Court held that "convictions arising from a single criminal episode . . . can count only once under the ACCA." 142 S. Ct. at 1067. When determining whether a defendant's prior convictions constitute a "single criminal episode" or were committed on "different occasions," a "multi-factored" inquiry—including the timing, proximity of location, and the offenses' character and relationship to one another—must be used. 142 S. Ct. at 1067.

Butler's bank robbery convictions were not the result of a single criminal episode, but were the consequence of four separate bank robberies, at four separate banks, with at least a week separating each robbery. See Crim. Doc. 53-1 at 1, 4-7 (electronic copy of trial exhibits referencing conviction for four bank robbery counts in Case No. 3:10-CR-201-O(01)). Specifically, Butler robbed (1) a Compass Bank in Mesquite, Texas, on May 12, 2010; (2) a Wells Fargo Bank in Dallas, Texas, on May 21, 2010; (3) an American Bank of Texas in Dallas, Texas, on June 1, 2010; and (4) a Bank of Texas in Southlake, Texas, on June 9, 2010); Crim. Doc. 43-1 at 7, 9, PSR ¶¶ 27, 35-36 (same).

### III. CONCLUSION

For these reasons, Butler's § 2255 motion should be **DENIED**, and this case should be **DISMISSED WITH PREJUDICE**.

**SO RECOMMENDED** on October 16, 2023.

*[signature]*

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate where in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).